IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **DONNA KAPILA and** | |
| **DALE R. GOODWIN,** | |
| **CO-ADMINISTRATORS of the** | |
| **ESTATE OF** | |
| **HARRY A. GOODWIN, JR.** | CASE NO: _____ |
| **Plaintiffs,** | |
| v. | |
| **KEVIN DOUGLAS,** | **COMPLAINT** |
| **ALTON KING, and** | |
| **CAPITAL CANDY CO., INC.** | |
| | **JURY TRIAL DEMANDED** |
| **Defendants** | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PARTIES AND JURISDICTION

1. Plaintiff Donna Kapila is a resident of the Town of Campton, County of Grafton, and State of New Hampshire, with a mailing address of: P.O. Box 2136, Campton, NH 03223.

2. Plaintiff Dale R. Goodwin is a resident of the Town of Colebrook, County of Coos, and State of New Hampshire, with a mailing address of: 110 Bridge Street, Colebrook, Nh 03576.

3. Plaintiff Donna Kapila and Plaintiff Dale R. Goodwin (collectively, "the Plaintiffs") are the duly appointed Co-Administrators of the Estate of Harry A. Goodwin, Jr., 1st Circuit Court – Probate Division – Lancaster, Case No. 314-2013-ET-00238 ("the Estate"). The Plaintiffs also happen to be the daughter and son, respectively of the late Harry A. Goodwin, Jr., and are two of his four children.

4. Defendant Kevin Douglas ("Defendant Douglas") is, upon information and belief, a resident of the Town of Woodstock, County of Windham, and State of Connecticut, with a mailing address of:  9 Ellen Lane, Woodstock, CT  06281.

5. Defendant Alton King ("Defendant King") is, upon information and belief, a resident of the Town of Berlin, County of Washington, State of Vermont, with a mailing address of: 66 Addison Drive, Berlin, VT  05602.

6. Defendant Capital Candy Company, Inc. ("Defendant Capital Candy") is, upon information and belief, a Vermont business corporation, with a mailing address of:  P.O. Box 767, Barre, VT  05641, and a registered agent in New Hampshire of:  Tony Peppin, 51 Lyme Road, Hanover, NH  03755.

7. Defendant Capital Candy is registered to do business in this state, and upon information and belief, does continuous and substantial business in this state.

8. Plaintiffs allege an amount in controversy in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

9. This Court has jurisdiction over this action, pursuant to 28 U.S.C. §1332, because the amount in controversy exceeds $75,000.00, and because there is complete diversity of citizenship between the Plaintiffs and each Defendant.

## **FACTUAL BACKGROUND**

10. At all times relevant hereto, Defendant King was acting in the course of his employment with Defendant Capital Candy.

11. On or about August 19, 2013, the late Harry A. Goodwin, Jr. ("Mr. Goodwin") was driving a motor vehicle in a generally southerly direction on Route 16, in Pinkham's Grant, New Hampshire.

12. At the same time and place, Defendant Douglas was operating a motor vehicle on Route 16, in a generally northerly direction.

13. Defendant Douglas was driving in a line of vehicles all traveling in a generally northerly direction on Route 16.

14. Defendant Douglas turned his vehicle in a leftward direction, crossing the centerline, the result of which was the striking of his vehicle with the vehicle being driven by Mr. Goodwin.

15. As a result of the force of the violent collision, the vehicle driven by Mr. Goodwin was forced onto the southbound shoulder of the roadway. At some point soon thereafter, Mr. Goodwin passed away due to the nature and extent of the injuries that he suffered during the collision.

16. Further, before the collision described above occurred, upon information and belief, the northbound line of traffic that Defendant Douglas had been following had slowed considerably. The northbound line of traffic had slowed due to the existence of an illegally parked "box truck", which was parked in a specifically designated and signed "No Parking" zone. The box truck was owned by Defendant Capital Candy, and was under the operation and control of Defendant King.

17. Upon information and belief, the actions of Defendant Douglas in turning his vehicle leftward and crossing the center line of traffic, though careless and illegal in their own regard, were precipitated at least in part by the slowing line of northbound traffic in front of him, which had encountered and had to be careful in driving by the illegally parked Capital Candy box truck.

18. But for the illegally parked Capital Candy box truck, Plaintiffs allege, the line of northbound traffic would not have slowed, and Defendant Douglas would not have turned his vehicle leftward across the center line of travel.  In this regard, both Defendant Douglas and Defendant King acted carelessly and recklessly, and therefore negligently, in causing the death of Mr. Goodwin, as further alleged herein.

### COUNT I – NEGLIGENCE / WRONGFUL DEATH
### AGAINST DEFENDANT KEVIN DOUGLAS

19. In a plea of the case, the preceding paragraphs are realleged and reincorporated herein.

20. It was the duty of Defendant Douglas to use due care in the operation of his motor vehicle, to keep his motor vehicle under control at all times, to maintain a careful lookout, to refrain from crossing the center line (as indicated in this location by a solid yellow double line), to avoid colliding with other vehicles, and to otherwise operate his motor vehicle in conformity with the statutory and common law of the State of New Hampshire, so as not to endanger the lives or safety of others lawfully using the public ways, such as the late Mr. Goodwin.

21. Even so, and wholly disregarding said duties, Defendant Douglas did fail in the performance thereof, in that he failed to keep his motor vehicle under control, failed to maintain a careful lookout, crossed a solid yellow double line, collided with another vehicle, and otherwise drove negligently, which resulted in his vehicle crashing into the vehicle driven by the late Mr. Goodwin.

22. As a direct and proximate result of the negligence of Defendant Douglas, the late Mr. Goodwin sustained severe and painful injuries, resulting in his death.  Before his death, the late Mr. Goodwin experienced significant and substantial conscious physical and mental pain and suffering caused by such negligence.

23. Consistent with New Hampshire's common and statutory law (including but not limited to N.H. RSA 556:12), the Plaintiffs hereby make claim for the reasonable expenses occasioned to the estate by the injury, the probable duration of life but for the injury, the capacity to earn money during the late Mr. Goodwin's probable working life (including wages, benefits, and other income to be received), the loss of enjoyment of life/hedonic damages, the loss of retirement and/or Social Security benefits, and other injuries and losses.

24. Wherefore, the Plaintiffs demand a trial by jury and an award of damages from Defendant Douglas.

### COUNT II – NEGLIGENCE / WRONGFUL DEATH
### AGAINST DEFENDANT ALTON KING

25. In a plea of the case, the preceding paragraphs are realleged and reincorporated herein.

26. It was the duty of Defendant King to use due care in the operation and control of his motor vehicle, to refrain from parking his motor vehicle in an area specifically designated and signed as a "No Parking" zone, and to otherwise control and park his motor vehicle in conformity with the statutory and common law of the State of New Hampshire, so as not to endanger the lives or safety of others lawfully using the public ways, such as the late Mr. Goodwin.

27. Even so, and wholly disregarding said duties, Defendant King did fail in the performance thereof, in that he failed to operate, control, and park his vehicle in a safe and careful manner, parked his motor vehicle in an area specifically designated and signed as a "No Parking" zone, and otherwise acted carelessly and negligently, which resulted in a series of events that led to the collision of the two vehicles driven by Defendant Douglas and the late Mr. Goodwin, respectively.

28. But for the careless actions of Defendant King, the resulting collision would not have occurred, and the careless actions of Defendant King were a significant contributing factor in causing the resulting collision and consequential wrongful death of the late Mr. Goodwin.

29. As a direct and proximate result of the negligence of Defendant King, the late Mr. Goodwin sustained severe and painful injuries, resulting in his death, as alleged above.

30. Consistent with New Hampshire's common and statutory law (including but not limited to N.H. RSA 556:12), the Plaintiffs hereby make claim for damages in the categories further described above.

31. Wherefore, the Plaintiffs demand a trial by jury and an award of damages from Defendant King.

## COUNT III – NEGLIGENCE / RESPONDEAT SUPERIOR
## AGAINST DEFENDANT CAPITAL CANDY COMPANY, INC.

32. In a plea of the case, the preceding paragraphs are realleged and reincorporated herein.

33. Upon information and belief, the owner of the box truck operated by Defendant King on the day of the collision was Defendant Capital Candy.

34. While operating the box truck, Defendant King, upon information and belief, was acting within the scope of his authority as an employee of Defendant Capital Candy.

35. Under the doctrine of *respondeat superior*, Defendant Capital Candy is vicariously responsible and liable for the acts of its employee, Defendant King.

36. Further, Defendant Capital Candy had a duty to those lawfully using the highways of this State, such as the late Mr. Goodwin, to entrust its vehicles to be operated only by those drivers who would operate its vehicles carefully and in a lawful manner.

37. Defendant Capital Candy failed in this regard, and breached its duty to the late Mr. Goodwin, in that it allowed a careless driver (Defendant King) to operate a vehicle that it owned.

38. This breach of its duty by Defendant Capital Candy was a proximate cause of the injuries to the late Mr. Goodwin, and his death, as described above.

39. Wherefore, the Plaintiffs demand a trial by jury and an award of damages from Defendant Capital Candy.

**WHEREFORE, THE PLAINTIFFS RESPECTFULLY REQUEST THAT THIS HONORABLE COURT:**

    A. Grant them a trial by jury and an award of damages from the Defendants;

    B. Grant them prejudgment interest and all taxable costs; and,

    C. Grant them such other and further relief as may be just and equitable.

DATED:  September 7, 2015

Donna Kapila and Dale R. Goodwin
Co-Administrators of the
Estate of Harry A. Goodwin, Jr.
By their Attorneys
*Waystack Frizzell, Trial Lawyers*
/s/ Jonathan S. Frizzell
Jonathan S. Frizzell
Bar #12090
251 Main Street, P.O. Box 137
Colebrook, NH  03576
(603) 237-8322
jon@waystackfrizzell.com