IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

CASE NO. 1:15-cv-369-PB

DONNA KAPILA and
DALE R. GOODWIN,
CO-ADMINISTRATORS of the
ESTATE OF HARRY A. GOODWIN, JR        **DEFENDANT, KEVIN DOUGLAS'**
                                       **PRE-TRIAL STATEMENT**

Plaintiffs

VS

KEVIN DOUGLAS,
ALTON KING and
CAPITAL CANDY CO., INC.
Defendants

==========================================
### DEFENDANT, KEVIN DOUGLAS' PRE-TRIAL STATEMENT

NOW COMES the Defendant, Kevin Douglas, and pursuant to Fed. R. Civ. P. 26(a)(3) and LR 16.2, hereby submits the following Pretrial Statement:

(i)     Fed. R. Civ. P. 26(a)(3) disclosures:
the name and, if not previously provided, the address and telephone number of each witness - separately identifying those the party expects to present and those if may call if the need arises;

Expected to call:

       Defendant, Kevin P. Douglas

       Paul Deblois

       Vincent Spiottoi

       Derek Palmieri

       Anna Tupaj

       Bethann L. Swartz

      Katherine R. Giroux

      Jeremy Page

      Alton E. King

      Trooper Meredith Favreau

      Trooper Michael Cote

      Trooper Erik Millett

      Trooper Clinton Trussell

Persons with personal knowledge of any admissible fact discovered by the parties prior to or during trial

Witnesses listed by the plaintiffs and co-defendants in their pretrial statements

Person necessary to lay a proper foundation for admissible evidence

The defendant reserves the right to supplement this list and to call all witnesses identified by the plaintiff and co-defendants. The defendant objects to the plaintiff's and co-defendants' calling any witnesses at trial whose addresses plaintiffs and co-defendants have not provided to the defendant in discovery responses. The defendant further reserves the right to supplement this list within a reasonable time prior to trial. In addition, the defendant reserves the right to call rebuttal witnesses at the time of trial.

(ii)   the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and

The defendant's counsel presumes defendant, Alton King will be available to attend the trial and provide testimony. If he is not, undersigned counsel reserves the right to present his testimony by way of stenographic transcript.

(iii)   an identification of each document or other exhibit, including summaries of other evidence - separately identifying those items the party expects to offer and those it may offer if the need arises.

Expect to offer:

Photographs of the accident locus  including those taken on the day of the accident and those taken after the fact depicting the accident scene and surrounding areas

Photographs of area no parking signs in the area of the accident

May to offer:

All documents produced during discovery

Any exhibits that have been marked during depositions of the parties and witnesses

Any and all pleadings, expert reports, answers to Interrogatories and responses to Request for Production of Documents - including any attachments and responsive documents

All exhibits necessary to rebut exhibits offered by the plaintiffs and co-defendants

All exhibits necessary to impeach or cross examine any witness

All exhibits listed by the plaintiffs and co-defendants in their Pretrial Statements or Exhibit List

The defendant reserve the right to amend this list at any time prior to and including trial; inclusion or specification on this list shall not constitute a stipulation as to admissibility


LR 16.2 disclosures:


(1)   a brief statement of the case assented to by all parties, except assent shall not be required in cases in which one or more of the parties is an incarcerated or pro se litigant;

Defendant will provide in advance of Court's Final Pretrial Conference

(2)   the name of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises, and the parties shall simultaneously exchange between themselves the address and telephone number for each listed witness;

Please see witness list provided in the Fed. R. Civ. P. 26(a)(3) disclosures section above

(3)   a written waiver of claims or defenses, if any;

None by the Defendant. DeBenedetto defense has been asserted and will be relied upon if plaintiffs resolve their case against the co-defendants prior to or during trial.

(4)   a list of all depositions which may be read into evidence, with page/line designations filed ten (10) days prior to trial, counter-designations filed five (5) days prior to trial, and objections filed two (2) days prior to trial;

None at this time. Defendant's counsel presumes the defendant Alton King Douglas will be

available to attend trial and present his testimony. If he is not, undersigned counsel reserves the right to present his testimony by way of stenographic transcript

(5) a list of all exhibits to be offered at trial separately identifying those which the party expects to offer and those which the party may offer if the need arises. Exhibits intended to be used solely for impeachment need not be listed;

Please see exhibit list provided in the Fed. R. Civ. P. 26(a)(3) disclosures section above.

(6) a statement confirming that the parties have met and conferred on whether they intend to have the jury use the Jury Evidence Recording System (JERS) to review evidence and their respective positions on the use of JERS;

To be provided in advance of the Court's Final Pretrial Conference. This case does not demand its use but if plaintiffs' and co-defendants' counsel intend to utilize the system, Defendant will do likewise.

(7) an itemized statement of special damages;

See plaintiffs' Pretrial Statement

(8) except in actions tried without a jury, a statement of the latest demand and offer, and a statement describing the parties' participation in any alternative dispute resolution process;

Prior to suit, the defendant, Kevin Douglas' insurer offered the full available policy limits of $100,000. The offer remains on the table. Plaintiffs have presented a global demand to defendants of $400,000 during litigation. Mediation with Honorable John Broderick is scheduled for December 9, 2015 at the Rudman Courthouse, Courtroom A

(9) a statement of a claim for attorney's fees, if applicable, with citation to the statutory and/or regulatory authorities relied upon as the basis for the claim;

Not applicable

(10) any requests for a view pursuant to LR 39.3, and a designation as to who shall pay the cost of the view in the first instance; and,

Defendant does not request a view

(11) an estimate of the length of trial.

3-4 days

                Defendant, Kevin Douglas
                By his attorney,

                /s/ Patricia Duggan Tsakonas

                Patricia Duggan Tsakonas (#20898)
                Law Offices of Steven B. Stein
                Two Financial Center
                60 South Street, Suite 1000
                Boston, MA 02111-2759
                Direct Dial:  (617) 772-2931
                Facsimile: (617) 772-2828
                ptsakona@travelers.com

## CERTIFICATE OF SERVICE

      I hereby certify that this pre-trial statement was served on the following persons on this date and in the manner specified herein:
Electronically served through ECT:
Jonathan S. Frizzell, Esquire and Stephen J. Schulthess, Esquire

December 1, 2016                            /s/ Patricia Duggan Tsakonas
                                                Patricia Duggan Tsakonas